**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| DAVID C. HENDERSON, individually and on behalf of others similarly situated, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:12-CV-00322 |
| | ) | |
| vs**.** | ) | Judge Jane Boyle |
| | ) | |
| REMINGTON ARMS COMPANY, LLC., | ) | |
| CASCADE CARTRIDGE, INC. A/K/A CCI | ) | |
| AMMUNITION | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT REMINGTON ARMS COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................1

BACKGROUND ................................................................................................2

ARGUMENT AND AUTHORITIES................................................................3

    A.   Plaintiff fails to state a claim for breach of warranty under the
        Magnuson-Moss Warranty Act................................................................4

        1.   Plaintiff's MMWA claim is time-barred.........................................6

        2.   Plaintiff's warranty claim fails because he does not allege
             the statements became part of the basis of the bargain....................8

        3.   Plaintiff's implied warranty of fitness for a particular
             purpose claim fails where the rifle was used for its ordinary
             purpose...........................................................................................10

    B.   Plaintiff's unjust enrichment claim is meritless.............................11

        1.   Plaintiff's unjust enrichment claim is time-barred........................12

        2.   Unjust enrichment is not available where there is a valid,
             express warranty. ............................................................................13

        3.   Plaintiff did not confer a direct benefit onto Remington. ..............13

CONCLUSION.................................................................................................15

# TABLE OF AUTHORITIES

CASES

*Am. Tobacco Co, Inc.. v. Grinnell*, 951 S.W.2d 420 (Tex. 1997) ...............................7, 8

*ASAI v. Vanco Insulation Abatement, Inc.*, 932 S.W.2d 118 (Tex. Ct. App. 1996) ....................11

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) .....................................................3

*Autohaus, Inc. v. Aguilar*, 794 S.W.2d 459 (Tex. Ct. App. 1990)...................................9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)........................................3, 4, 10

*Binder v. Bank of Am. Corp.*, No. 3:10-CV-770-B, 2010 WL 5017314 (N.D. Tex. Nov. 22, 2010)  .......................................................................4, 9

*Boelens v. Redman Homes, Inc.*, 748 F. 2d 1058 (5th Cir. 1984)...................................4

*Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449 (5th Cir. 2001) ...............................13

*Compaq Computer Corp. v. Lapray*, 135 S.W.3d 657 (Tex. 2004) ..................................5

*Cont'l Cas. Co. v. Dr. Pepper Bottling Co. of Texas, Inc.*, 416 F. Supp. 2d 497 (N.D. Tex. 2006)..................................................................12

*Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869 (Tex. 2007)...........................12

*EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466 (5th Cir. 2006)...............................................................7

*Everett v. TK-Taito, LLC*, 178 S.W.3d 844 (Tex. Ct. App. 2005)..................................14

*Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671 (Tex. 2000)..................................13

*Gardynski–Leschuck v. Ford Motor Co.*, 142 F.3d 955 (7th Cir. 1998) .........................5

*Heldenfels Bros., Inc. v. City of Corpus Cristi*, 832 S.W.2d 39 (Tex. 1992) ...............12

*Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675 (Tex. 2002)....................................8

*Hillery v. Georgie Boy Mfg., Inc.*, 341 F. Supp. 2d 1112 (D.Ariz. 2004) .......................7

*Hunt v. Baldwin*, 68 S.W.3d 117 (Tex. Ct. App. 2001)........................................11, 14

*Imperial Premium Fin., Inc. v. Khoury*, 129 F.3d 347 (5th Cir. 1997)...........................3

*Johnson v. Philip Morris*, 159 F.Supp.2d 950 (S.D. Tex. 2001) ....................................5

*Jones v. Bock*, 549 U.S. 199 (2007) ...............................................................................7

*Lowe v. Volkswagen of Am., Inc.*, 879 F. Supp. 28 (E.D. Pa. 1995) ..............................7

*Maloney Gaming Mgmt, LLC v. Sg. Tammany Parish*, No. 10–31259, 2011 WL
    5903498 (5th Cir. Nov. 23, 2011) ............................................................................2

*Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400 (5th Cir. 2004) .......................................12

*Moench v. Notzon*, No. 13-06-490-CV, 2008 WL 668612 (Tex. Ct. App. Mar. 13,
    2008) ..........................................................................................................................3

*Morgan v. Swanson*, 659 F.3d 359 (5th Cir. 2011) ........................................................2

*Murungi v. Mercedes Benz Credit Corp.*, 192 F.Supp.2d 71 (W.D.N.Y. 2001) ............7

*Nat'l Util. Serv., Inc. v. Xanser Corp.*, No. 03-CV-0878-P, 2003 WL 22939107
    (N.D. Tex. Dec. 1, 2003) ..........................................................................................11

*Para-Chem S., Inc. v. Sandstone Prods., Inc.*, No. 01-06-01073-CV, 2009 WL
    276507 (Tex. Ct. App. Feb. 5, 2009) ......................................................................10

*Poli v. DaimlerChrysler Corp.*, 793 A.2d 104 (N.J. Super. Ct. App. Div. 2002) ...........7

*PPG Indus. v. JMB/Houston Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79 (Tex.
    2004) ..........................................................................................................................8

*Rhodes v. Prince*, No. 08–10794, 2010 WL 114203 (5th Cir. Jan. 12, 2010) ..........4, 6, 14

*Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402 (7th Cir. 2004) .......................................5

*Southwestern Bell Tel. Co. v. Mktg. On Hold, Inc.*, 308 S.W.3d 909 (Tex. 2010) .........8

*Statler v. Dell, Inc.*, 775 F. Supp. 2d 474 (E.D.N.Y. 2011) ............................................7

*Strauss v. Ford Motor Co.*, 439 F. Supp. 2d 680 (N.D. Tex. 2006) ..........................10-11

*Taliaferro v. Samsung Telecomm. Am., LLC*, No. 3:11–CV–1119-D, 2012 WL
    169704 (N.D. Tex. Jan. 19, 2012) ............................................................................4

*Tracor, Inc. v. Austin Supply & Drywall Co., Inc.*, 484 S.W.2d 446 (Tex. Ct. App.
    1972) ........................................................................................................................11

*Truly v. Austin*, 744 S.W.2d 934 (Tex. 1988) ...............................................................14

*Woodard v. Southwest States, Inc.*, 384 S.W.2d 674 (Tex. 1964) ...............................................13

STATUTES

15 U.S.C. § 2301(3) ...............................................................................................................5

15 U.S.C. § 2301(6) ...............................................................................................................8

15 U.S.C. § 2303 ...................................................................................................................4

15 U.S.C. § 2308(b) ...............................................................................................................6

15 U.S.C. § 2310(d) ...............................................................................................................4

Fed. R. Civ. P. 12(b)(6) ......................................................................................................3, 4

Tex. Civ. Prac. and Remedies Code § 16.003 ........................................................................12

Tex. Bus. & Com. Code Ann. § 2.313 .............................................................................5, 8, 9

Tex. Bus. & Com. Code Ann. § 2.314 ..................................................................................5

Tex. Bus. & Com. Code Ann. § 2.315 ..................................................................................11

Tex. Bus. & Com. Code Ann. § 2.607 ..................................................................................5

Tex. Bus. & Com. Code § 2.725(a) ........................................................................................7

Tex. Bus. & Com. Code § 2.725(b) ........................................................................................7

U.C.C. § 2-313(2) ...................................................................................................................9

## INTRODUCTION

This case is an attempt to turn a responsible product recall into a wasteful class action.  Defendant Remington Arms Company, Inc. ("Remington") manufactures a line of semi-automatic rimfire rifles, called the Remington Model 597, previously available in three calibers, .22 LR, .22 WM, and 17 HMR.  In August 2009, Cascade Cartridge Inc. ("CCI"), the co-Defendant, which is the sole manufacturer of 17 HMR ammunition, informed Remington that the caliber was unsuitable for use in any semi-automatic firearm.  Remington promptly responded to that notice with a voluntary recall of Model 597 rifles chambered for 17 HMR ammunition, offering owners several options, including coupons of $200 to $250 (depending on model type) towards the purchase of a new Remington firearm.

Plaintiff purchased a Remington Model 597 17 HMR in 2007 in Fort Worth, Texas.  Compl. at ¶ 30.  On November 19, 2011, Plaintiff was allegedly shooting the rifle in Eastland County, Texas, when the "rifle burst, with smoke coming out of the ejection port," and caused him injury.  Compl. at ¶ 36.  Plaintiff alleges that he learned of the recall only after the accident; he alleges that, after contacting Remington (Compl. at ¶ 37-38), he decided not to participate in the recall in order to seek damages on behalf of a putative nationwide class on the grounds that the terms of the recall were insufficient to "adequately compensate Class members for the full value of the defective rifle and ammunition." Compl. at ¶ 9.

Plaintiff asserts two claims:  breach of the Magnuson-Moss Warranty Act ("MMWA") and unjust enrichment.  These claims fail for a variety of reasons:

- Plaintiff's warranty and unjust enrichment claims both fail because the applicable statutes of limitations expired in 2011 and 2009, respectively;

- Plaintiff fails to make out the necessary element of "basis of the bargain" on his warranty claims; and

- The unjust enrichment claim fails because an express written contract exists and because Plaintiff did not confer a direct benefit onto Defendant.

For all of these reasons, Plaintiff fails to state any valid claims for relief, and the Court should grant this motion to dismiss the Complaint in its entirety.

## BACKGROUND

The Remington Model 597 semi-automatic rimfire rifle was at one time available in three calibers:  .22 LR, .22 WM, and 17 HMR.  In August 2009, Remington issued a "Safety Warning and Recall Notice" for Model 597 rifles chambered for 17 HMR ammunition (the "Model 597 17 HMR rifle").  *See* Safety Warning and Recall Notice (*See* App. at 1)[1].  The recall was prompted by notice received that same month from co-defendant CCI, the only manufacturer of 17 HMR ammunition, disavowing its suitability for use in any semi-automatic firearm on safety grounds.  *Id.*  Remington's subsequent recall notice, published in a number of sporting and shooting magazines and available on its website, states that "[i]n light of the ammunition manufacturer's notice, it is very important that you immediately stop using your Remington Model 597 17 HMR."  *Id.*  Upon return of their rifles, owners would be eligible for coupons of $200 or $250,

---

[1]   The recall notice attached here is properly considered on a motion to dismiss as it is "central to the plaintiff's claims."  *Maloney Gaming Mgmt, LLC v. Sg. Tammany Parish*, No. 10–31259, 2011 WL 5903498, at *3 (5th Cir. Nov. 23, 2011); *see also Morgan v. Swanson*, 659 F.3d 359, 367 n.9 (5th Cir. 2011) (proper to consider documents "incorporated into the complaint by reference" (internal quotation marks and citation omitted)).

2

depending on the stock material of their returned firearm. *Id.*[2]  No other caliber of Model

597 rifle was affected by the recall.

Plaintiff, a Texas resident, alleges that a Remington Model 597 17 HMR rifle,

which he purchased in or around 2007 in Fort Worth, Texas (Compl. at ¶ 30), exploded

after the date of the recall.  Although he claims to have been physically injured in the

accident (Compl. at ¶ 36), the Complaint seeks damages only for economic loss and

injunctive relief.[3]

## ARGUMENT AND AUTHORITIES

Under the Federal Rules, a complaint will be dismissed if there is a "failure to

state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In the past, a

complaint in federal court might survive a motion to dismiss so long as its allegations

were not factually impossible.  However, since the Supreme Court's decisions in *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937

---

[2]   Remington offers additional compensation options to consumers who do not wish to
      participate in the coupon offer.  The notice directs those consumers to contact the
      Remington Customer Service Department at a specified toll-free number.  Upon
      calling Remington, consumers are offered a choice of:  (1) cash in lieu of the coupon,
      (2) replacement of the Model 597 rifle barrel with a .22 Win Mag barrel, or (3) a new
      17 HMR bolt-action rifle sold by Remington.  Customers who return 17 HMR
      ammunition are eligible to receive "a $10.00 coupon for each complete box" of
      affected ammunition.  App. at 1.

[3]   While Plaintiff suggests that he may be entitled to punitive damages (Compl. at
      ¶ 42(e)), exemplary damages are not available for unjust enrichment or warranty
      claims under Texas law, and the request should be stricken.  *See Moench v. Notzon*,
      No. 13-06-490-CV, 2008 WL 668612, at *5 n.3 (Tex. Ct. App. Mar. 13, 2008) (no
      punitive damages for unjust enrichment); *Imperial Premium Fin., Inc. v. Khoury*,
      129 F.3d 347, 354-55 (5th Cir. 1997) (no punitive damages for contract claims,
      including breach of warranty).

(2009), such a limited showing is no longer satisfactory.  Instead, "'factual allegations must be enough to raise a right to relief above the speculative level.'"  *Rhodes v. Prince*, No. 08–10794, 2010 WL 114203, at *2 (5th Cir. Jan. 12, 2010) (quoting *Twombly*, 550 U.S. at 555).  Thus, while facts alleged are to be viewed in the light most favorable to a plaintiff, mere "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action'" fall short under Rule 12(b)(6).  *Binder v. Bank of Am. Corp.*, No. 3:10-CV-770-B, 2010 WL 5017314, at *2 (N.D. Tex. Nov. 22, 2010) (BOYLE, J.) (quoting *Twombly*, 550 U.S. at 555).

### A.     Plaintiff fails to state a claim for breach of warranty under the Magnuson-Moss Warranty Act.

Under the MMWA, "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligations under [the Act],[4] or under a written warranty . . . may bring suit for damages" in federal court.  15 U.S.C. § 2310(d). Because "the MMWA does not provide an independent basis for liability, but instead 'provides a federal cause of action for state law express and implied warranty claims,'" it is beyond dispute that where a state law breach of warranty claim fails, a MMWA claim must also fail.  *Taliaferro v. Samsung Telecomm. Am., LLC*, No. 3:11–CV–1119-D, 2012 WL 169704, at *10-11 (N.D. Tex. Jan. 19, 2012) (Fitzwater, J.) ("an underlying state law breach of warranty claim is required to maintain an MMWA claim"); *see also Boelens v. Redman Homes, Inc.*, 748 F. 2d 1058, 1069 (5th Cir. 1984) (party cannot recover

---

[4]   Because Plaintiff does not argue that the express warranty itself fails to meet the minimum standards provided by the MMWA, *see* 15 U.S.C. § 2303, this analysis will assume the warranty is valid and will focus solely on the alleged breach.

damages under MMWA unless recoverable under applicable state law); *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 405 (7th Cir. 2004) ("The [MMWA] . . . allows consumers to enforce written and implied warranties in federal court, borrowing state law causes of action." (citing *Gardynski–Leschuck v. Ford Motor Co.*, 142 F.3d 955, 956 (7th Cir. 1998)).

Plaintiff falls short of establishing an actionable claim under the MMWA.[5]  To successfully make out a state law warranty action, Texas requires proof of (1) the existence of a warranty, (2) its breach, (3) a loss proximately caused by the breach, and (4) timely notice to the seller.  *See* Tex. Bus. & Com. Code Ann. § 2.314, cmt. 13 (implied warranty); Tex. Bus. & Com. Code Ann. § 2.313 (express warranty); Tex. Bus. & Com. Code Ann. § 2.607 (notice); *see also Johnson v. Philip Morris*, 159 F.Supp.2d 950, 952 (S.D. Tex. 2001) (an express warranty claim requires: "(1) an express affirmation of fact or promise by seller relating to goods; (2) that such affirmation of fact or promise by seller became a part of basis of bargain; (3) that plaintiffs relied upon said affirmation of fact or promise; (4) that the goods failed to comply with affirmation of fact or promise; (5) plaintiffs were injured by such failure of product to comply with express warranty; and (6) that such failure was proximate cause of plaintiffs' injury").

Plaintiff's allegations are insufficient and do not meet the required elements of proof.

---

[5]   The MMWA requires a plaintiff to state a claim under the "applicable State law." *See* 15 U.S.C. § 2301(3).  Texas follows the Restatement's "most significant relationship" approach to choice of law questions.  *Compaq Computer Corp. v. Lapray*, 135 S.W.3d 657, 680 (Tex. 2004).  Here, the state with the most significant relationship is Texas, Plaintiff's domicile and where the rifle was purchased, stored, and allegedly malfunctioned.  Compl. at ¶¶ 15, 30, 31, 36.

1.      **Plaintiff's MMWA claim is time-barred.**

Plaintiff's MMWA claims for both express and implied warranties should be dismissed because they are time-barred both under the terms of the written warranty and under the applicable statute of limitations.

The written warranty on which Plaintiff bases his claims is limited by its terms to defects discovered within "two years from the date of purchase."  Limited Two-Year Firearm Warranty (*See* App. at 2).  Because over four years have passed since Plaintiff's purchase of his rifle, his express warranty claim must be dismissed.  Additionally, Plaintiff's implied warranty claim fails for the same reason; consistent with 15 U.S.C. § 2308(b), the written warranty in "clear and unmistakable language" limits the duration of the implied warranty to the two-year term of the express warranty.  *See* App. at 2 ("No implied warranties extend beyond the term of this written warranty."); 15 U.S.C. § 2308(b).

Plaintiff makes a conclusory attempt to evade the explicit limitations of the express warranty, through the barebones assertion that "Remington's limited warranty has failed of its essential purpose in that Remington is either unable or unwilling to repair, replace, or refund the actual purchase price."  Compl. at ¶ 51.  This is merely an unsupported statement of the legal principle that a party can have access to statutory remedies, rather than the remedies provided in the express warranty, when the limited remedy fails of its essential purpose.  *See* Tex. Bus. & Com. Code § 2.719(b) ("Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this title.").  This sort of conclusory allegation is not entitled to the presumption of truth, see *Rhodes*, 2010 WL 114203, at *2; thus, no implied

warranty covering Plaintiff's rifle extended past 2009, long before Plaintiff alleges that a defect arose.

Plaintiff's warranty claims also fail because the statute of limitations has run. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (where allegations in a complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"); *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006). The statute of limitations for MMWA actions is taken from the applicable state's version of the Uniform Commercial Code law; here, breach of warranty actions in Texas are governed by a four-year limitations period. Tex. Bus. & Com. Code § 2.725(a); *see Lowe v. Volkswagen of Am., Inc.*, 879 F. Supp. 28, 30 (E.D. Pa. 1995) ("where a federal statute does not contain an express limitations period, federal courts apply the most analogous state statute of limitation"—and the MMWA "is most closely analogous to the U.C.C."); *Statler v. Dell, Inc.*, 775 F. Supp. 2d 474, 481 (E.D.N.Y. 2011); *Hillery v. Georgie Boy Mfg., Inc.*, 341 F. Supp. 2d 1112, 1114 (D.Ariz. 2004); *Murungi v. Mercedes Benz Credit Corp.*, 192 F.Supp.2d 71, 79 (W.D.N.Y. 2001); *Poli v. DaimlerChrysler Corp.*, 793 A.2d 104, 111 (N.J. Super. Ct. App. Div. 2002).

The statute of limitations begins to run "when tender of delivery is made." *See* Tex. Bus. & Com. Code § 2.725(b); *Am. Tobacco Co, Inc.. v. Grinnell*, 951 S.W.2d 420, 435 (Tex. 1997). Thus, the limitations period began to run when Plaintiff's rifle was purchased—"in or around 2007" (Compl. at ¶ 30)—and it expired in 2011, well before

the action was filed on January 31, 2012.  As a result, Plaintiff's MMWA claim is time-barred and should be dismissed.

> **2.     Plaintiff's warranty claim fails because he does not allege the statements became part of the basis of the bargain.**

Plaintiff's MMWA claim also should be dismissed for failure to allege reliance on any written affirmation or promise, such that it became "part of the basis of the bargain." A "written warranty" is defined by the MMWA consistent with the U.C.C., and includes

> [A]ny written *affirmation* of fact or written *promise* made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time . . . *which written affirmation, promise, or undertaking becomes part of the basis of the bargain* between a supplier and a buyer for purposes other than resale of such product.

15 U.S.C. § 2301(6) (emphasis added).

"Reliance is . . . not only relevant to, but an element of proof of, plaintiffs' claims of breach of express warranty." *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 (Tex. 2002) (citing *Grinnell*, 951 S.W.2d at 436 ("'Basis of the bargain' loosely reflects the common-law express warranty requirement of reliance.")).  Despite the U.C.C.'s comment that "no particular reliance . . . need be shown," Tex. Bus. & Com. Code Ann. § 2.313 cmt. 3, the Texas Supreme Court has made clear that reliance is not a formality for the courts:  "While 'particular' reliance may not be necessary, we have held several times that something rather like it is." *PPG Indus. v. JMB/Houston Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 99 (Tex. 2004); *see Southwestern Bell Tel. Co. v. Mktg. On Hold,*

*Inc.*, 308 S.W.3d 909, 921 (Tex. 2010) (at class certification stage, noting that courts are hesitant to certify classes where reliance must be shown, and "[b]reach of express warranty requires proof of some form of reliance"); Tex. Bus. & Com. Code Ann. § 2.313(a)(2) (requiring warranty representations be "part of the basis of the bargain").

Despite this requirement, Plaintiff makes no allegations that *he* relied on, received, or was even aware of the limited warranty prior to his purchase of his Model 597 17 HMR rifle.  The Complaint's only reference to the limited warranty fails to mention pre-purchase knowledge or reliance.  *See* Compl. at ¶ 49.  While Plaintiff alleges general reliance—in the passive voice—on a series of statements in Remington catalogues (Compl. at ¶ 21 ("The rifle was purchased in reliance on the representations of Remington as to its products at the time of purchasing")), those representations are not specific and not included in the limited warranty.  Indeed, even if those representations had been included in the limited warranty—which they were not—such seller's statements would have constituted "mere puffery" under the U.C.C. as interpreted in Texas.  U.C.C. § 2-313(2) states that "an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty."  *See Autohaus, Inc. v. Aguilar*, 794 S.W.2d 459, 464-65 (Tex. Ct. App. 1990) (representations that a car was "the best engineered car in the world" and "probably would not have mechanical difficulties" were general assurances of quality; such mere puffery is insufficient to establish express warranty).  Further, Plaintiff's bald assertion of someone's reliance on the statements is conclusory and not entitled to the presumption of truth.  *See Binder*, 2010 WL 5017314 at *2 (quoting

*Twombly*, 550 U.S. at 555).  Plaintiff's failure to adequately plead that he relied on the

warranty, such that it became the basis of the bargain, defeats his MMWA breach of

warranty claim.

> **3.     Plaintiff's implied warranty of fitness for a particular purpose
> claim fails where the rifle was used for its ordinary purpose.**

Plaintiff's allegation that "[b]ecause Remington's limited warranty has failed of

its essential purpose, Plaintiff additionally seeks damages for breach of the implied

warranties of merchantability and fitness for a particular purpose" (Compl. at ¶ 52) is

insufficient to state a claim.  In addition to the expired statute of limitations, *supra*

Section (A)1, Plaintiff's implied warranty of fitness for a particular purpose claim fails

because Mr. Henderson used the rifle for its intended purpose and did not inform

Defendant of his intent to do otherwise.

The warranty of fitness for a particular purpose is narrow, requiring Plaintiff "[t]o

establish a breach of the implied warranty of fitness for a particular purpose, the plaintiff

must establish that (1) the seller had reason to know any particular purpose for which the

goods were required at the time of contracting and (2) the buyer was relying on the

seller's skill or judgment to select or furnish suitable goods."  *Para-Chem S., Inc. v.

Sandstone Prods., Inc.*, No. 01-06-01073-CV, 2009 WL 276507, at *16 (Tex. Ct. App.

Feb. 5, 2009) (summary judgment for defendant where plaintiff could not have relied on

judgment or skill of remote manufacturer with which he did not communicate).  Further,

courts have held that "to maintain an action for breach of the implied warranty of fitness

for a particular purpose, the plaintiff must allege that the product was to be used for some

purpose *different than the product's ordinary purpose*."  *Strauss v. Ford Motor Co.*, 439

F. Supp. 2d 680, 686 (N.D. Tex. 2006) (Fish, C.J.) (emphasis added); *ASAI v. Vanco Insulation Abatement, Inc.*, 932 S.W.2d 118, 122 (Tex. Ct. App. 1996).  Here, however, Plaintiff alleges no special or particular purpose separate from the rifle's ordinary use— shooting (*see* Compl. at ¶ 36); thus, no action can be maintained for breach of warranty for a particular purpose.

Even if the rifle had been used for a purpose other than its ordinary one, Defendant was not informed of Plaintiff's particular purpose, so no claim for breach of implied warranty for a particular purpose can be maintained.  Tex. Bus. & Com. Code Ann. § 2.315; *see also Tracor, Inc. v. Austin Supply & Drywall Co., Inc.*, 484 S.W.2d 446, 448 (Tex. Ct. App. 1972) ("Appellant did not inform appellee of the particular purpose intended for the sheetrock, and consequently, the implied warranty of fitness for a particular purpose did not arise.").

### B.    Plaintiff's unjust enrichment claim is meritless.

Plaintiff fails to state a claim for unjust enrichment because: (1) the two-year statute of limitations expired years before he initiated this action; (2) an express agreement exists; and (3) Plaintiff cannot show that he conveyed any direct benefit to Remington.

A plaintiff may recover for unjust enrichment only "when the defendant obtains money which in equity and good conscience belongs to the plaintiff."  *Hunt v. Baldwin*, 68 S.W.3d 117, 132 (Tex. Ct. App. 2001); *see also Nat'l Util. Serv., Inc. v. Xanser Corp.*, No. 03-CV-0878-P, 2003 WL 22939107, at *8 (N.D. Tex. Dec. 1, 2003) (SOLIS, J.) ("A claim for unjust enrichment arises out of a party's 'failing to make restitution for benefits

11

received under circumstances giving rise to an implied or quasi-contract.'") (citation

omitted).  In other words, a plaintiff must show that the defendant obtained a benefit from

the plaintiff "by fraud, duress, or the taking of an undue advantage."  *Heldenfels Bros.,*

*Inc. v. City of Corpus Cristi*, 832 S.W.2d 39, 41 (Tex. 1992).  Plaintiff fails to make out

the elements of his unjust enrichment claim.

### 1.    Plaintiff's unjust enrichment claim is time-barred.

Plaintiff's claim for unjust enrichment is time-barred, as the two-year statute of

limitations expired in 2009.  *See Elledge v. Friberg-Cooper Water Supply Corp.*, 240

S.W.3d 869, 870 (Tex. 2007) (unjust enrichment claims fall under Tex. Civ. Prac. and

Remedies Code § 16.003, which provides a two-year statute of limitations for actions

involving the "taking or detaining the personal property of another").  The clock begins

ticking on such claims when the benefit is accepted by the defendant—*i.e.*, when the

defendant receives money from the plaintiff.  *Mayo v. Hartford Life Ins. Co.*, 354 F.3d

400, 410-11 (5th Cir. 2004) (action accrues "'when facts come into existence that

authorize a claimant to seek a judicial remedy'"—which, for an unjust enrichment action,

is when the party receives the unjust benefit even if the fact of injury is not discovered

until later) (citation omitted); *Cont'l Cas. Co. v. Dr. Pepper Bottling Co. of Texas, Inc.*,

416 F. Supp. 2d 497, 504 (N.D. Tex. 2006) (RAMIREZ, M.J.) ("The fact that the injury is

not discovered until later does not toll the running of the limitations period.").  If

measured from the date the retailer accepted the purchase price from Plaintiff, Plaintiff's

time limit has long since expired.  By Plaintiff's own admission, the rifle was purchased

"in or around 2007" (Compl. at ¶ 30), so the limitations period ended at some point in 2009, several years before this action was filed.

### 2. Unjust enrichment is not available where there is a valid, express warranty.

In addition, Mr. Henderson's action for unjust enrichment cannot go forward because, as he recognizes, a limited warranty exists. Compl. at ¶ 49. A party cannot recover under a theory of unjust enrichment where an express contract—*e.g.*, a warranty—covers the interaction. *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 454 (5th Cir. 2001) (unjust enrichment "is unavailable [under Texas law] when a valid, express contract governing the subject matter of the dispute exists.") (citing *Woodard v. Southwest States, Inc.*, 384 S.W.2d 674, 675 (Tex. 1964)); *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000) ("[W]hen a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory."). Plaintiff cannot abandon the express written warranty that exists in order to recover on a theory of unjust enrichment. As such, this claim must be dismissed.

### 3. Plaintiff did not confer a direct benefit onto Remington.

Plaintiff does not, and cannot, allege that he conferred *any* benefit upon Remington, the remote manufacturer of Plaintiff's rifle. Plaintiff alleges only that "he was a buyer of the rifle," (Compl. at ¶ 20), the rifle "was purchased . . . at a Cabela's Store in Forth Worth Texas," (*id.* at ¶ 30), and "Plaintiff and the other Class members conferred a tangible economic benefit upon Remington . . . by purchasing the Remington Model 597 .17 HMR semi-automatic rifle . . . [and it] would be inequitable for

13

Defendants to retain the profits, benefits and other compensation obtained by their wrongful conduct in selling their [rifles and ammunition]" (*id.* at ¶¶ 58, 60). These conclusory allegations are not entitled to the presumption of truth. *See Rhodes*, 2010 WL 114203, at *2.

Texas courts have established that a plaintiff must establish that he conferred a *direct* benefit unto the defendant to establish a claim for unjust enrichment. *See Truly v. Austin*, 744 S.W.2d 934, 937 (Tex. 1988) ("To recover in quantum meruit, the plaintiff must show that his efforts were undertaken *for* the person sought to be charged; it is not enough to merely show that his efforts benefitted the defendant."); *Everett v. TK-Taito, LLC*, 178 S.W.3d 844, 860 (Tex. Ct. App. 2005) ("[Plaintiffs'] pleading offers no explanation of how [Defendants] purportedly possess money that belongs to the [Plaintiffs]; they do not plead that they purchased their vehicles from any of the [Defendants] and they do not allege that [Defendants] overcharged them for their vehicles. The [Plaintiffs] plead only that their vehicles are worth less because they are fitted with TK-52 buckles and that, if they have the buckles replaced, they will incur out-of-pocket expenses."); *Hunt*, 68 S.W.3d at 132 (denying recovery because "[Plaintiff] cannot show that the [Defendants] are holding any money, which in either equity or good conscience belongs to her").

Plaintiff failed to allege that he conferred a direct benefit to Defendants. In fact, Remington generally does not sell firearms directly to the general public and so could not have sold directly to Plaintiff. Absent any allegation that Plaintiff directly conferred a benefit upon Remington, this claim must be dismissed.

14

## **CONCLUSION**

For all of the foregoing reasons, Defendant respectfully requests that the
Complaint be dismissed in its entirety with prejudice.


Respectfully submitted,

s/ James D. Jordan
James D. Jordan
Bar Number: 11012380
**Munsch Hardt Kopf & Harr, P.C.**
3800 Lincoln Plaza
500 North Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Fax:  (214) 978-4359
jjordan@munsch.com

—Of Counsel—

Dale G. Wills
(*pro hac vice* application forthcoming)
James B. Vogts
(*pro hac vice* application forthcoming)
Andrew A. Lothson
(*pro hac vice* application forthcoming)
Swanson, Martin & Bell, LLP
330 North Wabash, Suite 3300
Chicago, Illinois 60611
Telephone:  (312)-321-9100
dwills@smbtrials.com
jvogts@smbtrials.com
alothson@smbtrials.com

**ATTORNEYS FOR DEFENDANT
REMINGTON ARMS COMPANY, LLC**

15

## <u>CERTIFICATE OF SERVICE</u>

On April 9, 2012 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal rule of Civil Procedure 5 (b)(2).

s/ James D. Jordan_____

16